IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FIFTH THIRD BANK<br>Plaintiff<br>vs<br>VICENTE RODRIGUEZ-GARCIA<br>EILEEN DOMENECH-RODRIGUEZ<br>RICARDO RODRIGUEZ-DOMENECH<br>JAVIER SUAREZ<br>and MARIA GABRIELA SUAREZ<br>Defendants | CIVIL 08-2317CCC |

## OPINION AND ORDER

This action, for breach of a Guaranty Agreement, was filed pursuant to our diversity jurisdiction. Now before us is plaintiff First Third Bank's Motion for Summary Judgment (**docket entry 16**). More than two months after the motion was filed, it remains unopposed.

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Eileen McCarthy v. Northwest, 56 F.3d 313, (1st Cir. 1995). The nonmoving party must establish the existence of at least one factual issue that is both genuine and material to defeat a properly supported motion. Brennan v. Hendrigan, 888 F.2d 129, (1st Cir. 1989).

Plaintiff has complied with Local Rule 56(b)of the District Court of Puerto Rico, which requires a party who moves for a summary judgment to submit, in support of the motion, a "separate, short and concise statement of the material facts set fourth in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. Each fact asserted in the statement shall be supported by a record citation. Defendants having failed to oppose the motion, and, thereby, failing to comply with Local Rule 56(c), we

CIVIL 08-2317CCC                           2

treat the moving party's statement of facts as uncontested.  See, Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005).

    Plaintiff Fifth Third Bank, (FTB) a Michigan banking corporation and successor in interest to R-G Crown Bank (RGB), the original lender on the indebtedness, that is the subject of this complaint, seeks to recover outstanding debts due on loans made to De La Mancha Developers, LLC, a Florida company, (the Developer) for the development and construction of a residential complex known as "Hacienda La Mancha" located in Marion County, Florida. Ex. A.[1]  The original loan amount of $2,325,000.00 resulted from documents signed by the parties on June 27, 2006, which included a Secured Promissory Note, Ex. A1, and a Development and Construction Loan Agreement and a Mortgage and Security Agreement, Ex. A2.  As an inducement to RGB to extend the credit and financing, on the same date, each of the guarantors–defendants Vicente Rodríguez-García, Eileen Domenech-Rodríguez, Ricardo Rodríguez-Domenech, Javier Suárez and María Gabriela Suárez, entered into an Unconditional and Irrevocable Guaranty of Payment and Performance (the Guaranty Agreements) with RGB.  Exs. A3-A7.[2]

    Under the terms of the Guaranty Agreements, the defendants absolutely and unconditionally guaranteed payment of all amounts due under the loan, including the outstanding principal balance due, accrued but unpaid interest, costs, expenses and fees, including but not limited to those incurred in enforcing the bank's rights under the agreement.  Exs. A2 ¶¶8.3, 8.8 and Ex. A3-A7.

---

[1] Statement under Penalty of Perjury of Gloria S. Gladieux, Special Assets Group Workout Officer, manager of the loan portfolio at issue in this case.

[2] On November 20, 2006 the original loan amount was increased by $660,000.00, Ex. A8.  The defendants consented to the increase and confirmed the terms of their guarantees. Ex. A9.

CIVIL 08-2317CCC                                    3

The Developer defaulted in its obligations under the loan, now owed to the successor FTB, when it failed to pay the indebtedness on the maturity date of June 27, 2007.  Exs. A, ¶9, A1 ¶1(iii) and A 2 ¶8.1.  The execution of defendants' agreement guaranteeing the loan is the object of the suit now before us.  FTB seeks judgment against the defendants under their guaranty agreements in the amount of $2,793,182.80, with interest through November 7, 2008 in the amount of $79,528.12, together with reasonable costs, disbursements and attorneys' fees incurred in these proceedings.

The Guaranty Agreements state, in pertinent part:

>    1. Guarantor shall pay any installments of principal and/or interest on the Note which are not paid when due....
>
>    2. <u>The obligations of Guarantor under this Guaranty are direct, unconditional and completely independent of the obligations of the Borrower</u>.  Lender may exercise any of its rights under this Guaranty, including without limitation bring and prosecuting any action against any Guarantor without the necessity (I) of joining Borrower to this action, (ii) of previously realizing upon any security then held by the Lender for the Loan, or (iii) previously proceeding against or exhausting any other remedy against Borrower, any other guarantor of the Loan, or any other person who might have become liable for the Loan.
>
>    ....
>
>    4. This instrument is continuing, binding, absolute and unconditional guaranty of payment which shall remain in full force and effect as written until actual payment in full of the Loan or until terminated by agreement between Lender and Guarantor.
>
>    5. Guarantor hereby specifically waives any and all defenses to any action or proceeding brought to enforce this Guaranty or any part of this Guaranty, wither at law or in equity, except the single defense that the sum claimed has actually been paid to Lender.

Exs. A3-A7, ¶¶1, 2 and 4.  (Our emphasis.)

Pursuant to ¶17 of the Guaranty Agreements, they are governed, construed and enforced by Florida law.  Under Florida law, there is a distinction between an absolute and a conditional guarantee.

CIVIL 08-2317CCC	4

> The law recognizes a distinction between an absolute guarantee and a conditional guarantee. One who undertakes an absolute guarantee of payment by another becomes liable immediately upon default in payment by the other. One who undertakes to conditionally guarantee another's payment does not become liable until the occurrence of the of the conditions. Whether a contract of guaranty is absolute or conditional depends on the intent of the parties as expressed in their contract.

Mullins v. Sunshine State Service Corp., 540 So.2d 222, 223 (Fla. App. 5 Dist., 1989).

Because the Developer defaulted on the loan and failed to cure its default, see, Exhibit A, ¶¶9 and 10, and defendants/guarantors have bound themselves to pay the indebtedness in such case, the Court GRANTS plaintiff First Third Bank's Motion for Summary Judgment (**docket entry 16**). Accordingly, defendants Vicente Rodríguez-García, Eileen Domenech-Rodríguez, Ricardo Rodríguez-Domenech, Javier Suárez and María Gabriela Suárez are hereby found liable for the payment of the debt of De La Mancha Developers, LLC owed to Fifth Third Bank in the amount of $2,793,182.80 plus interest, attorneys' fees, disbursements and costs, which they are ORDERED to pay.

SO ORDERED.

At San Juan, Puerto Rico, on November 20, 2009.

S/CARMEN CONSUELO CEREZO
United States District Judge